Sharon C. WILSON, Appellant

v.

Terri LEVINE, The Coaching Institute and Comprehensive Coaching U, Inc., Appellees.

Superior Court of Pennsylvania.

Argued June 24, 2008.

Filed Dec. 16, 2008.

Scott D. Cessar, Pittsburgh, for appellant.

Michael K. English, Butler, for appellee.

BEFORE: LALLY–GREEN, TAMILIA and COLVILLE *, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Sharon C. Wilson ("Wilson"), appeals from the order entered on October 12, 2007, granting the petition and preliminary objections filed by the Appel-

* Retired Senior Judge assigned to the Superior Court.

lees, Terri Levine, The Coaching Institute, and Comprehensive Coaching U, Inc. The order transferred venue from Butler County to Montgomery County.[1] The order also sustained Appellees' preliminary objections to Wilson's amended complaint, and allowed her 20 days within which to file a second amended complaint. For the reasons that follow, we affirm in part, vacate in part, and remand.

¶ 2 The crux of Wilson's complaint is that her partner in The Coaching Institute, Appellee Levine, arbitrarily and unilaterally reduced her percentage of profits from 50 to 30%. Appellee, Comprehensive Coaching U, Inc., was the entity that handled the business aspect of the parties' business, The Coaching Institute. The facts underlying this appeal, as gleaned from the trial court's October 12, 2007 opinion, follow:

> Before this Court for consideration is the Defendants', Terri Levine, the Coaching Institute and Comprehensive Coaching U, Inc., (hereinafter "Defendants") Petition For Change Of Venue Pursuant To Pa.R.C.P. 1006(d)(1). Additionally, before this Court for consideration are the Defendants' Preliminary Objections To Plaintiff's Amended Complaint In The Nature Of Venue being improper as to defendant Terri Levine in Butler County Pursuant to Pa.R.C.P. No. 1006(a)(1), Venue is improper as to Defendant Comprehensive Coaching U, Inc (sic) in Butler County pursuant to Pa.R.C.P. No. 2179(a), and Plaintiff's Complaint is in violation of Pa.R.C.P. 1028(2) for failure to comply with Pa.R.C.P. 1020(a). In the interests of judicial economy, all issues will be considered simultaneously. For the following reasons, the Petition For Change Of Venue Pursuant To Pa.R.C.P. 1006(d)(1) is GRANTED and the Preliminary Ob-

jections To Plaintiff's Amended Complaint are SUSTAINED.

## I. Background

> This case arises from businesses created by Sharon C. Wilson (hereinafter "Plaintiff") and Terri Levine (hereinafter "Ms. Levine") that involve life coaching. Ms. Levine is the sole owner of Comprehensive Coaching U, Inc., which has an office located in Montgomery County, Pennsylvania. The Plaintiff, who lives in Butler County, Pennsylvania, and Ms. Levine, who resides in Montgomery County, Pennsylvania, entered into an oral partnership agreement in December of 2004 to create a business known as The Coaching Institute.

> After the partnership ceased to operate effectively and Ms. Levine terminated the Plaintiff's employment, the Plaintiff brought an Amended Complaint alleging a Breach of Contract, Unjust Enrichment, Conversion, the need for an Accounting, Breach of Fiduciary Duty, and payment under the Pennsylvania Wage Payment and Collection Law.

> The Defendants are arguing that this matter should be transferred to Montgomery County, Pennsylvania, as opposed to proceeding in Butler County, Pennsylvania.

Trial Court Opinion, 10/12/07, at 1–2.

¶ 3 Following oral argument, the court granted Appellees' preliminary objections on the basis of improper venue and Appellees' petition for change of venue on grounds of *forum non conveniens*. The case, therefore, was transferred to Montgomery County.

¶ 4 By this same order filed October 12, 2007, the court sustained Appellees' objec-

---

**1.** This interlocutory order is appealable as of right pursuant to Pa.R.A.P. 311(c).

tions to Wilson's amended complaint and granted her 20 days within which to file a second amended complaint that complied with Pa.R.C.P. 1020(a). A timely notice of appeal was filed, and the court ordered Wilson to file a Pa.R.A.P.1925(b) statement of errors. Wilson complied in timely fashion on November 16, 2007.[2]

¶ 5 Wilson raises the following issues on appeal:

1. Did the trial court err in failing to accord the weight and deference due to plaintiff's choice of forum in granting Defendants' Petition to Transfer Pursuant to Pa.R.Civ.P. 1006(d), and in finding that the mere availability of a different forum warranted a change in venue?

2. Did the trial court abuse its discretion in determining that Defendants had met their burden to establish, with detailed facts on the record, that Plaintiff's choice of Butler County was vexatious or oppressive to the Defendants in transferring this case to Montgomery County on grounds of *forum non conveniens,* where Defendants offered only conclusory statements, unsupported or contradicted by their own witnesses under oath at deposition, that demonstrated nothing more than inconvenience?

3. Did the trial court err in considering and crediting solely Defendant Levine's unsupported assertions of inability to travel and any purported inconvenience to Defendants' witnesses in finding that transfer was merited, while refusing to consider contradictory evidence that revealed frequent national and international travel by Levine, that Butler County was equally convenient to material witnesses of both parties, and further, that material witnesses of the Plaintiff would be substantially inconvenienced by transfer to Montgomery County?

4. Did the trial court err in summarily granting defendants' Preliminary Objections in the nature of venue and finding that venue in Butler County was improper, simply because the trial court had determined that transfer was merited on grounds of *forum non conveniens,* where the evidence clearly established that venue as to each Defendant was properly laid in Butler County pursuant to the Pennsylvania Rules of Civil Procedure and settled Pennsylvania case law?

Wilson's Brief at 4.

¶ 6 Our discussion is guided by the following:

A trial court's ruling on venue will not be disturbed if the decision is reasonable in light of the facts. A decision to transfer venue will not be reversed unless the trial court abused its discretion. A plaintiff's choice of forum is given great weight, and the burden is on the party challenging that choice to show it is improper.

*Krosnowski v. Ward,* 836 A.2d 143, 146 (Pa.Super.2003) (*en banc*).

¶ 7 Essentially, Wilson contends that the trial court erred when it moved her case

---

**2.** Wilson included four allegations of error in her Rule 1925(b) statement: (1) Appellees did not satisfy their burden of proving that venue in Butler County was vexatious or oppressive; (2) the court erred by failing to consider factors such as the availability of records, the materiality of and inconvenience to the proposed witnesses, and Levine's alleged inability to travel; (3) the court erred by not accepting as true all material facts set forth in the complaint; and (4) the court erred by sustaining the preliminary objections based on a violation of Pa.R.C.P. 1020(a), failure to plead each count for each defendant separately.

from Butler County to Montgomery County. We turn to Pa.R.C.P. 1006, which addresses venue and change of venue. Rules 1006(d)(1) and (e) provide, in relevant part:

(d)(1) For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

. . .

(e) Improper venue shall be raised by preliminary objections and if not so raised shall be waived.

Pa.R.C.P. 1006(d)(1), (e).

¶ 8 Our Supreme Court recently addressed the relevant law respecting improper venue and *forum non conveniens* in *Zappala v. Brandolini Property Management, Inc.*, 589 Pa. 516, 909 A.2d 1272 (2006). There, the Court said:

Although a plaintiff, as a rule, may [choose] the forum in which to bring suit, that right is not absolute. Rule 1006 not only articulates where the plaintiff may bring the action, but also provides three distinct bases upon which a defendant may challenge the plaintiff's chosen forum: improper venue by preliminary objection, *forum non conveniens*, and inability to hold a fair and impartial trial.

*Id.* at 1281.

¶ 9 The *Zappala* Court first addressed the substantive and procedural components of a venue challenge under Rule 1006(e):

[P]ursuant to Rule 1006(e), the defendant may challenge venue as improper by preliminary objection. This is the exclusive method to challenge venue as "improper." A Rule 1006(e) challenge to improper venue by preliminary objection has two key components: one substantive and one procedural. Substantively, the basis for a Rule 1006(e) challenge is the defendant's belief that venue is "improper" in the plaintiff's chosen forum. The meaning of the word improper, as used in subsection (e), is ... shaped by Rules 2179 (providing where a personal action against a corporation may be brought), 1006(a) and (b) (providing where an action may be brought) and ... 1006(c). These rules exclusively address where venue properly may be laid at the time the suit is initiated. Thus, question of improper venue is answered by taking a snapshot of the case at the time it is initiated: if it is "proper" at that time, it remains "proper" throughout the litigation.

*Id.*[3] (some parentheticals omitted).

¶ 10 The *Zappala* Court then addressed a petition under Rule 1006(d) claiming *forum non conveniens:*

The second method for a defendant to challenge the plaintiff's choice of forum is pursuant to Rule 1006(d)(1). This

---

**3.** The *Zappala* Court explained why improper venue challenges are by preliminary objection:

As the substantive issue governed by Rule 1006(e) relates to venue at the beginning of litigation, procedurally Rule 1006(e) requires the defendant to challenge improper venue by preliminary objection. In contrast to the other grounds to challenge venue, ... only a challenge to venue as

"improper" must be raised by preliminary objection. Rule 1028, which limits preliminary objections to several grounds, specifically includes "improper venue" and requires all preliminary objections to be raised at once and within twenty days of service of the preceding pleading. *See* Pa. R.C.P. 1026(a).

*Id.* at 1282.

option, which may be invoked at any time, permits the defendant to file a petition challenging the plaintiff's choice of forum on the basis of *forum non conveniens,* requesting transfer of the action. Pa.R.C.P. 1006(d)(1) ("For the convenience of the parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."). **The considerations guiding a court's ruling on a Rule 1006(d)(1) petition are entirely different from those regarding a Rule 1006(e) preliminary objection.** Substantively, the doctrine of *forum non conveniens* provides that a court may resist imposition upon its jurisdiction, even when jurisdiction is authorized by the letter of a general venue statute. *See Cheeseman v. Lethal Exterminator, Inc.,* 549 Pa. 200, 701 A.2d 156, 160 (Pa.1997). When addressing a petition to transfer venue pursuant to Rule 1006(d), a trial court, giving the required deference to plaintiff's chosen forum, is faced with the question of whether a transfer of venue of an [sic] properly filed action to a court in another county is appropriate. *Id.* at 161. In *Cheeseman,* we held that a petition to transfer venue pursuant to Rule 1006(d)(1) "should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." *Id.* at 162. The defendant may show that the plaintiff's choice of forum is vexatious by:

> establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

*Id.* Unlike the analysis implicated by Rule 1006(e), a Rule 1006(d)(1) motion has little to do with whether the plaintiff's choice of forum is technically proper at the outset, because even if it is, the trial court is still vested with discretion to transfer the action to another county if the defendant meets his burden of proving that the forum is oppressive or vexatious.

Procedurally, there are no time limitations placed on a motion to transfer venue pursuant to Rule 1006(d)(1). *See* Rule 1028, Note, supra. As discussed above, if the case is not transferred pursuant to a Rule 1006(e) preliminary objection successfully challenging the propriety of venue, it is presumptively "proper" thereafter. Nevertheless, a transfer *via forum non conveniens* is still available. An analysis pursuant to this doctrine implicitly vests considerable discretion in the trial court to balance the arguments of the parties, consider the level of prior court involvement, and consider whether the forum was designed to harass the defendant. *Cheeseman,* 701 A.2d at 162.

. . .

To summarize, if venue is improper, then the trial court lacks superintendence to hear the case. A challenge to improper venue, therefore, must be addressed before the case proceeds. As

noted, this is done *via* preliminary objections. If venue is proper at the preliminary objection stage, and at sometime thereafter a defendant raises *forum non conveniens* or questions the ability to obtain a fair and impartial trial, it is within the trial court's discretion to retain the case or transfer it to a different venue. Thus, while the failure to file a timely preliminary objection challenging improper venue pursuant to Rule 1006(e) waives the challenge, this is not the case for challenges brought pursuant to Rule 1006(d)(1) or (2), which may be raised by petition and, thus, are not subject to waiver at the preliminary objection stage. *See, e.g., Wood v. E.I. du Pont de Nemours & Co.*, 2003 PA Super 268, 829 A.2d 707 (Pa.Super.2003) (holding that trial court did not abuse its discretion by considering company's renewed petition to transfer venue approximately two months before trial was scheduled to begin because rule governing petitions to transfer venue based on *forum non conveniens* imposed no time limit upon a party who sought to transfer venue). When venue is technically proper and cannot be challenged by preliminary objection ..., the rules provide a mechanism in subsection (d) if defendants desire a change of venue to another county under *forum non conveniens* to effectuate substantial justice or because of the trial court's inability to hold a fair and impartial trial.

*Id.* at 1282–1284 (emphasis added; citation omitted).

¶ 11 The record reflects the following. In its Order filed on October 12, 2007, the court ordered:

1) The Defendants' Petition To Transfer Venue is GRANTED. This case is hereby transferred to the Court of Common Pleas of Montgomery County, Pennsylvania.

2) The Defendants' Preliminary Objection In The Nature Of Venue is improper as to defendant Terri Levine in Butler County Pursuant to Pa.R.C.P. No. 1006(a)(1) is SUSTAINED.

3) The Defendants' Preliminary Objection In The Nature Of Venue is improper as to Defendant Comprehensive Coaching U, Inc[.] in Butler County pursuant to Pa.R.C.P. No. 2179(a) is SUSTAINED.

4) The Defendants' Preliminary Objection In The Nature Of Plaintiff's Complaint is in violation of Pa.R.C.P. 1028(2) for failure to comply with Pa.R.C.P. No. 1020(a) is SUSTAINED.

The Plaintiff is hereby granted twenty (20) days from the date of this Order of Court to file a Second Amended Complaint in Montgomery County, Pennsylvania, in conformity with this Court's findings.

Trial Court Order, 10/12/07.

■ ¶ 12 We first address the alleged improper venue issues in parts 2 and 3 of the trial court's order. The trial court ruled that venue in Butler County was not proper under Pa.R.C.P. 1006(a)(1) and 2179(a) and granted preliminary objections based on these rules. *Id.* With a preliminary objection of improper venue, a trial court is to look at the case "by taking a snapshot of" it at the time it is initiated: if it is "proper" at that time, it remains "proper" throughout the litigation. *Zappala*, 909 A.2d at 1281.

¶ 13 Our review of the trial court's October 12, 2007 and November 30, 2007 opinions reflects that the respected trial court incorrectly used the legal theory of *forum non conveniens* in making its venue decision. Trial Court Opinion, 10/12/07, at 5 and Trial Court Opinion, 11/30/07, at 6.

The proper focus would have been on Pa. R.C.P. 1006(a)(1) and Pa.R.C.P. 2179(a). *Zappala.*

¶ 14 Moreover, we conclude that the record supports a conclusion that venue as to all Appellees was proper in Butler County. Pa.R.C.P. 1006(a)(1) provides that venue is proper in an action brought against an individual in a county where "the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law[.]". Pa. R.C.P. 2179(a) provides that:

[A] personal action against a corporation or similar entity may be brought in and only in

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose;

(4) a county where a transaction or occurrence took place out of which the cause of action arose, or

(5) a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. 2179(a).

¶ 15 In her complaint, Wilson averred that in December 2004, she and Appellee Levine negotiated the agreement to form a partnership, The Coaching Institute, from her Butler County home and office, corresponding with Appellee Levine via emails and the telephone. During the tenure of the parties' contract, Wilson's 50% share of the profits was mailed to Butler County, the location of Wilson's residence and business.

¶ 16 In her amended complaint, Wilson averred further that as part of this joint venture, between December 2004 and June 2006, The Coaching Institute, of which Appellee Levine was a partner, conducted business from Wilson's Butler County home-office on a regular and systematic basis, including "creating the business, developing a marketing strategy, contacting potential clients and coaching clients in order to generate revenue." Amended Complaint at 3, ¶ 10. According to Wilson, during this same time, thousands of emails were sent and telephone calls were placed from the Butler County office on behalf of The Coaching Institute. Wilson testified that she enrolled new members/customers over the phone, and likewise accepted their payment regardless of form. *Id.* at 96–97. "[Wilson's] office in Butler County served as an office of The Coaching Institute, which is or was, as set forth in paragraph 32 of this Amended Complaint, the alter ego of Comprehensive Coaching U, Inc. and thus served as an office of Comprehensive Coaching U, Inc. In fact, Comprehensive Coaching U, Inc. reimbursed various office expenses incurred by [Wilson] in the Butler County office." *Id.* at ¶ 12.

¶ 17 Wilson's September 17, 2007 deposition testimony supported her averments. Wilson testified that The Coaching Institute maintained two offices, one in the Philadelphia area and one at her home in Butler County. N.T., 9/17/07, at 5, 51. The business began in December 2004, and was co-founded by Wilson and Appellee Levine. *Id.* at 13. For bookkeeping and tax purposes, The Coaching Institute was "connected" with Comprehensive Coaching U, Inc., a business owned solely by Appellee Levine. Comprehensive collected revenues, paid bills, and filed tax returns on behalf of The Coaching Institute. Throughout the course of the partnership, invoices for the business would occasional-

ly come to Wilson's Butler County office and she would pay them from her account and be reimbursed by Appellee Comprehensive. *Id.* at 60, 72.

¶ 18 Our review of the record in light of the mandates of Pa.R.C.P. 1006(a)(1) and 2179(a) reflects support for a conclusion that Appellees regularly and systematically did business in Butler County through Wilson's Butler County home/office.[4] Based on the record before us, we conclude that the trial court erred by granting the Appellees' preliminary objections and transferring venue from Butler County to Montgomery County.

¶ 19 The crux of Wilson's *forum non conveniens* argument is that the Appellees did not satisfy their burden of proving that Butler County was vexatious and/or oppressive so as to justify transferring the case to Montgomery County. We turn again to *Zappala* for guidance, 909 A.2d at 1281–1284, and cases cited therein, including *Cheeseman* and *Wood*.

¶ 20 A petition raising *forum non conveniens* is a petition to transfer venue pursuant to Rule 1006(d). A trial court, giving the required deference to plaintiff's chosen forum, is faced with the question of whether a transfer of venue of a properly filed action to a court in another county is appropriate. *Cheeseman,* 701 A.2d at 161. *Cheeseman* and its progeny make clear that a petition to transfer venue pursuant to Rule 1006(d)(1) "should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive *or* vexatious to the

defendant." *Id.* at 162. The defendant may show that the plaintiff's choice of forum is vexatious by:

> establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

*Id.* "Because the *Cheeseman* standard already tips the scales heavily in the plaintiff's favor, the court need not expressly weigh the relative convenience of the forum to both sides." *Wood,* 829 A.2d at 715. "The *Cheeseman* standard itself vests great weight in the plaintiff's initial choice of forum by: (1) placing the burden of proof on the defendant; (2) requiring the defendant to present detailed facts on the record; and (3) requiring the defendant to demonstrate oppression and vexatiousness, not mere inconvenience. In other words, the plaintiff's choice of forum will prevail even if it is inconvenient to the defendants." *Id.*

¶ 21 Here, the trial court granted the petition to transfer venue to Montgomery County because the chosen forum, Butler County, "is oppressive" to defendants. Trial Court Opinion, 11/30/07, at 3.

---

4. In further support of a conclusion that venue in Butler County is proper to all Appellees, we note that Wilson has alleged a claim for past due wages against all Appellees under the WPCL. Appellee Levine has been named under the WPCL as an agent and officer of the partnership and the corporation, both of which, Wilson has alleged, breached their contractual obligation to pay wages owed to her, a Butler County resident, working in Butler County. Under the WPCL, an action brought by an employee to recover wages may be brought in any court of competent jurisdiction. 43 P.S. § 260.9a(b).

The trial court explained that Butler County was oppressive because all of the witnesses, including Defendant–Appellee, are located in or near Montgomery County; the principal place of business and the books and records were all located in Montgomery County; and Appellee Levine had a medical condition that made travel difficult. Trial Court Opinion, 10/12/07, at 7.

¶ 22 In another opinion one month later, on November 30, 2007, the trial court reiterated its earlier decision set out in the October 12, 2007 opinion. Again, the trial court concluded that trial in Butler County would "**oppress** the Defendants." Trial Court Opinion, 11/30/07, at 4 (emphasis added). Concluding that Butler County would be an unduly oppressive forum, the court again reasoned that: (1) most of the defense witnesses are located in or near Montgomery County; (2) Appellee Levine lives in Montgomery County and that county is the principal place of business for The Coaching Institute and Comprehensive Coaching U, Inc.; (3) the books and records for both businesses are in Montgomery County; and (4) Appellee Levine has a medical condition that makes traveling difficult. *Id.* at 3–4.

¶ 23 In essence, Wilson claims that the four reasons given by the court are either not supported in the record or are not sufficient to support a claim of *forum non conveniens*. She also argues that the court erred by failing to consider the hardship that a transfer of venue would place upon her and the presentation of her case. Wilson's Brief at 13–14. We examine Wilson's claims in light of the record.

¶ 24 First, Wilson contends that the record does not support a conclusion that Appellees' material witnesses would be inconvenienced by proceedings in Butler County. Wilson references The Coaching Institute's faculty and staff webpage. Wilson's Brief at 15. Wilson addresses each potential witness individually and assesses his or her relevance to the proceedings. *Id.* at 16–17. Wilson avers that only one of Appellees' 13 listed witnesses is identified as a "core" person who possessed firsthand knowledge of the formation and operation of The Coaching Institute in Butler County.[5] She further avers that two of Appellees' witnesses who arguably possess relevant evidence reside in New York and Missouri so that their travel to either county is equally oppressive. *Id.* at 15–19. By contrast, Wilson argues, her two key witnesses live in Butler and Allegheny Counties. *Id.* at 19–20.

¶ 25 Second, Wilson argues that the business is a virtual business. Thus, while the principal place of business might be Montgomery County, such location is not a strong factor in the context of the way the business operates. N.T., 9/17/07, at 3–6.

¶ 26 Third, Wilson argues that the relevant books and records are electronically stored and, thus, easily emailed or are easily copied and easily transportable. The record, which includes Appellee Levine's testimony on the subject, supports a finding that many of the pertinent documents were in electronic form and could be emailed. The record reflects that additional corporate records, located in Montgomery County, are not so voluminous as to preclude reproduction. Again, Wilson testified that The Coaching Institute was a virtual business. N.T., 9/17/07, at 36.

¶ 27 Finally, Wilson argues that the record supports a conclusion that, despite Levine's medical condition, Levine is quite

---

**5.** The balance of Appellees' witnesses, Wilson avers, cannot testify regarding the formation or day-to-day operations of the business.

able to travel. According to Appellee Levine's own deposition testimony, since her medical diagnosis and the June 2006 filing of the complaint, she has taken multiple business and pleasure trips, and has traveled as far as Israel. N.T., 9/5/07, at 81–84. Thus, the record fails to support a conclusion that travel to Butler County would be oppressive.

¶ 28 Here, the record does not support the trial court's conclusions that Appellees "established with facts on the record" that Wilson's choice of forum "was designed to harass" Appellees or that the chosen forum "is oppressive" to them. *Cheeseman*, 701 A.2d at 162. At best, the record reflects Appellees' showing that Wilson's chosen forum is "merely inconvenient" to them. *Id.* at 161. Thus, the trial court abused its discretion in granting the petition to transfer. *See* Pa.R.A.C.P. 1006(d), *Zappala, Cheeseman, Krosnowski,* and *Wood.*

¶ 29 We therefore vacate the trial court's order transferring venue from Butler County to Montgomery County, and remand for further proceedings. In all other respects, the order is affirmed.

¶ 30 Order vacated in part and affirmed in part. Remanded for further proceedings. Jurisdiction relinquished.