J-A17008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MATTHEW WEINER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| INTELYCARE, INC., ARTIS SENIOR | : | No. 2096 EDA 2023 |
| LIVING, LLC, ARTIS SENIOR LIVING | : | |
| OF LOWER MORELAND, LLC, D/B/A | : | |
| ARTIS SENIOR LIVING OF | : | |
| HUNTINGDON VALLEY, ARTIS | : | |
| SENIOR LIVING MANAGEMENT, LLC, | : | |
| ARTIS SLM OF HUNTINGDON | : | |
| VALLEY, LLC, D/B/A ARTIS SENIOR | : | |
| LIVING OF HUNTINGDON VALLEY, | : | |
| ARTIS HOLDINGS, LLC, MDS HOME | : | |
| AND LAWN CARE SPECIALISTS, INC. | : | |
| D/B/A MDS, INC., BETTY-ANN | : | |
| COKER AND JOHN DOE 1, 2, 3, 4, 5, | : | |
| 6, 7, 8, 9, AND 10 | : | |

Appeal from the Order Entered August 1, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230201103

BEFORE: BOWES, J., NICHOLS, J., and SULLIVAN, J.

CONCURRING STATEMENT BY SULLIVAN, J.: **FILED DECEMBER 10, 2024**

I agree with the learned majority's conclusion that the trial court erred in transferring this case to Montgomery County. I write separately to further address the parties', and the trial court's, apparent confusion regarding claims of improper forum shopping.

This appeal arises out of a slip-and-fall action brought by Matthew Weiner ("Weiner") to recover for injuries he suffered while working as an aide

at a nursing home ("the facility"). Weiner asserts he fell on snow or ice in the facility's parking lot. The facility is owned and operated by Artis Senior Living, LLC, Artis Senior Living of Lower Moreland, LLC, d/b/a Artis Senior Living of Huntingdon Valley, Artis Senior Living Management, LLC; Artis SLM of Huntingdon Valley, LLC, d/b/a Artis Senior Living of Huntingdon Valley, Artis Holdings, LLC (collectively, "Artis").

Weiner previously commenced an action against Artis in Philadelphia ("the first Philadelphia action"). However, Weiner could not establish Philadelphia was a proper venue for the first Philadelphia action, and the court transferred the matter to Montgomery County in August 2022. After the transfer to Montgomery County, Weiner apparently discovered additional information, namely, that Betty-Ann Coker ("Coker"), who was his nurse-supervisor when he fell, failed to inform him of Artis's work and safety protocols, including an alleged policy that snow and ice removal at the facility's parking lot would only occur at the end of his shift. Coker lives in Philadelphia. In February 2023, Weiner discontinued his action in Montgomery County and filed the instant complaint in Philadelphia, naming Artis and Coker ("the second Philadelphia action"). Weiner served Coker with the complaint at her residence in Philadelphia.

Artis and Coker filed joint preliminary objections based on improper venue. *See* Prelim. Objs., 4/7/23, at ¶¶ 5-7 (citing, *inter alia*, Pa.R.Civ.P. 1006(e) and 1028(a)(1)). They also cited the principle of *forum non conveniens* and alleged Weiner engaged in improper forum shopping. *See id*.

- 2 -

at ¶ 17 (citing, *inter alia*, Pa.R.Civ.P. 1006(d)(1)).  In short, Artis and Coker asserted Weiner had no valid claim against Coker, and without the inclusion of Coker as a defendant, venue in Philadelphia could not be proper as against Artis.  **See id**.  Additionally, Artis and Coker filed a motion to dismiss Coker based on an affidavit of Coker's non-participation, wherein they asserted Coker was not a possessor of Artis's property and could not be held liable in an action for premises liability.  **See** Mot. to Dismiss, 5/3/23, at ¶ 10.[1]  Weiner answered the preliminary objections and the motion to dismiss Coker, and he separately filed an affidavit stating that Philadelphia was a more convenient forum for him and his witnesses.  **See** Praecipe to Supp., Aff. of Matthew Weiner, 5/26/23.[2]

The trial court permitted the parties to take discovery on the question of venue; but Artis and Coker did not avail themselves to the opportunity to reply to Weiner's answers to the preliminary objections and motion to dismiss or present any additional evidence.  At oral arguments before the trial court, Weiner's counsel explained that Weiner's employment agency had only recently assigned him to the facility before Weiner fell.  **See** N.T., 7/31/23, at

_____

[1] In the motion to dismiss based on the affidavit of Coker's non-participation, appellees also alleged Coker's duties to supervise staff only extended to the inside of the facility.  **See** Mot. to Dismiss, 5/3/23, at ¶ 15.

[2] Although Weiner objected to appellees' raising *forum non conveniens* in preliminary objections in his answers, he did not file a separate preliminary objection to the appellees' preliminary objections.  His answers also addressed the merits of a *forum non conveniens* claim.

5. Weiner fell in the parking lot toward the end of his shift, after taking out the trash, and then moving his car. *See id*. at 5-6. Weiner's counsel stated that, during discovery in Montgomery County, Artis indicated it would raise comparative negligence because, according to Artis's protocols, Weiner should not have been outside when he fell. *See id*. Upon learning of this intended defense, Weiner claimed Coker "improperly gave him instructions about what he needed to do and the safety protocols[ at the facility,]" and Coker could be held liable, along with Artis, because she participated in the negligence at issue. *Id*. at 5-7. Counsel for Artis and Coker maintained the participation theory did not apply to a premises liability case and Coker had no involvement in the case. *Id*. at 11-12.[3]

_____

[3] Weiner filed a memorandum of law in response to Artis's motion to dismiss Coker. Therein, he also attached interrogatories answered by Artis during discovery in Montgomery County and an additional affidavit from Weiner. For the purpose of background to the arguments raised at the hearing, Artis, in its response to interrogatories, asserted Weiner had taken an unauthorized break due to the fact he should have been performing morning rounds and should have notified Coker if he was leaving his assigned area. *See* Weiner's Mem. of Law Contra Artis's Mot. to Dismiss Coker, 7/24/23, Ex. A (Interrogatories), at ¶¶ 18, 24. Additionally, Artis alleged that if Weiner had been taking out the trash, he should have done so at the end of rounds at 6:45 a.m., and not gone to his car. *See id*. Ex. A, at ¶ 18.

In his additional affidavit, Weiner stated Coker told him he was responsible for taking out the trash. *See id*. Ex. B (Aff. of Matthew Weiner), at ¶ 5. He also averred Coker failed to mention he should do so at the end of his shift, the parking lot would not be plowed or treated until the shift change, and he should take breaks inside the facility, not outside the facility. *See id*. Ex. B, at ¶¶ 5, 7. He asserted that at 5:45 a.m., he asked Coker if he could take out the trash and move his car, and Coker gave him her okay. *See id*. Ex. B, at ¶ 6. Weiner claimed if Coker had given him proper training, instruction, and

*(Footnote Continued Next Page)*

The trial court thereafter sustained appellee's preliminary objection and transferred the matter back to Montgomery County because (1) Weiner could not establish Philadelphia was a proper venue as to Artis, (2) Weiner failed to plead Coker's negligence under a participation theory of liability, and (3) Weiner engaged in improper forum shopping. *See* Trial Ct. Op., 6/22/23, at 3-7. As the majority ably explains, this was error. *See* Majority Memorandum at 10-17. Our courts distinguish the types of improper venue claims that can be raised in a preliminary objection under Rules 1006(e) and 1028(a) from improper forum shopping claims that should be raised in a petition pursuant to Rule 1006(d). ***See Zappala v. Brandolini Prop. Mgmt., Inc.***, 909 A.2d 1272, 1281 (Pa. 2006) ("***Zappala I***"); ***Zappala v. James Lewis Grp.***, 982 A.2d 512, 519 (Pa. Super. 2009) ("***Zappala II***"); ***accord Fessler v. Watchtower Bible & Tract Soc'y of New York, Inc.***, 131 A.3d 44, 53 (Pa. Super. 2015); ***Wilson v. Levine***, 963 A.2d 479, 485 (Pa. Super. 2008). This is so because the rules governing proper or improper venue limit the types of objections that can be raised under Rule 1028(a), and none of those objections permit a court to examine the underlying merits of a claim against a named defendant. *See* Pa.R.Civ.P. 1006(a)-(b), 2179.[4] Thus, a claim based on

---

supervision and warned him about Artis's protocols, he would have waited until 7:00 a.m. when salting and deicing would have been complete. *See id*. Ex. B, at ¶ 7. Artis and Coker offered no evidence or additional legal responses to these allegations.

[4] A defendant may disturb a plaintiff's selected venue when joint and several liability does not exist with another defendant. *See* Pa.R.Civ.P. 1006(c); ***Sehl v. Neff***, 26 A.3d 1130, 1134 (Pa. Super. 2011).

improper forum shopping, which "occurs when a plaintiff manufactures venue by naming and serving parties who are not proper defendants to the action for the purpose of manipulating the venue rules to create venue where it does not properly exist," will generally have to await litigation as part of a *forum non conveniens* petition. ***Zappala II***, 982 A.2d at 521. Moreover, when funneling improper forum shopping claims into the doctrine of *forum non conveniens*, the moving defendant (Artis) must plead and prove the plaintiff's inclusion of the venue-creating defendant (Coker) was ***designed to harass*** the moving defendant. ***See id***.

Thus, I agree with the majority that Artis and Coker should have filed their claim of improper forum shopping as a separate petition alleging *forum non conveniens*. By failing to do so, Artis and Coker, as well as the trial court, muddled the forms, burdens, and standards applicable to raising an improper venue claim under Rule 1006(e), on the one hand, with an improper forum shopping claim under Rule 1006(d), on the other hand. ***See Zappala II***, 982 A.2d at 521; ***Wilson***, 963 A.2d at 487 ("a petition to transfer venue pursuant to Rule 1006(d)(1) should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant") (citation and quotations marks omitted) (emphasis added).

To the extent we could review the trial court's finding of improper forum shopping at this stage of the proceeding, I believe there is at least some record support for the trial court's conclusion Weiner engaged in the type of strategy

- 6 -

disapproved of by our Supreme Court in ***Zappala I*** and discussed further in ***Zappala II***. ***See Zappala I***, 909 A.2d at 1286 n.14; ***Zappala II***, 982 A.2d at 521; ***see also Aerospace Fin. Leasing, Inc. v. New Hampshire Ins. Co.***, 696 A.2d 810, 813 n.11 (Pa. Super. 1997) (considering a *forum non conveniens* claim raised in preliminary objections where the opposing party did not file preliminary objections to the preliminary objections). Weiner had improperly commenced the first Philadelphia action against Artis without any basis to establish venue in Philadelphia. He then commenced this second Philadelphia action setting forth a claim against Coker and arguing a participant theory of liability, *i.e.*, that Coker had undertaken actions that made her liable for the actions of Artis. Weiner's attempts to state a separate cause of action against Coker are, in my view, dubious, at best. Therefore, I believe this procedural history is relevant to whether Weiner attempted to "manufacture[] venue by naming and serving parties who are not proper defendants to the action for the purpose of manipulating the venue rules to create venue where it does not properly exist." ***See Zappala II***, 982 A.2d at 521. Even so, this is not enough—***Zappala II*** requires a detailed showing, and a court's finding, of a design to harass to sustain a transfer for *forum non conveniens*. ***See id***.

In this case, I suggest Artis's and Coker's burden was to establish their claim of improper forum shopping with detailed information on the record that Coker was not, and could not have been, a proper defendant to the action, not simply that Weiner did not state a claim against her. ***See id***. Artis and

Coker, in my view, did not meet their burden. Therefore, while there may be some support for the finding of improper forum shopping in this case, the trial court's order sustaining preliminary objections and transferring the second Philadelphia action cannot stand. If, however, Artis and Coker, upon a proper *forum non conveniens* petition and further development can demonstrate Weiner had no possible cause of action against Coker, I believe a transfer may be appropriate.[5]

_____

[5] The **Zappala II** standard requires a showing not only of improper forum shopping, but also a design to harass, which is in line with **Zappala I**. **See Zappala II**, 982 A.2d at 521 (quoting **Cheeseman v. Lethal Exterminator, Inc.**, 701 A.2d 156, 162 (Pa. 1997) for the proposition that a "defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts of record that the plaintiff's choice of forum was designed to harass the defendants, even at some inconvenience to the plaintiff himself"). I would note that our courts have not yet had occasion to define a precise standard for determining when improper forum shopping will rise to the level of a strategy designed to harass the defendants seeking a transfer based on *forum non conveniens*. In **Zappala I**, the primary issue involved the moving defendants' attempt to resurrect the right to object to improper venue after the venue-creating defendants were dismissed upon unopposed motions for summary judgment. **See Zappala I**, 909 A.2d at 1276-77. In that decision, our Supreme Court remanded to afford the moving defendants to file *forum non conveniens* petitions to address a claim of "forum shopping." **See id**. at 1286 n.14. Following the remand in **Zappala I**, the moving defendants then filed *forum non conveniens* petitions but failed to raise a claim of improper forum shopping. **See Zappala II**, 982 A.2d at 523. The defendants only asserted improper forum shopping at oral arguments before the trial court, and they presented no evidence to support their contentions. **See id**. at 523-25. In **Fessler**, 131 A.3d at 53, the Court suggested a "sole or primary purpose to harass" standard; but, there, the inclusion of the venue-creating defendant was supported by the fact that the defendant settled with the plaintiff. **See Fessler**, 131 A.3d at 53.

*(Footnote Continued Next Page)*

For these reasons, I respectfully concur.

_____

I suggest that if Artis and Coker are able to demonstrate Weiner frivolously included Coker, *i.e.*, by naming and serving her as a defendant without any possible basis in fact or law to sustain his claim and did so for the sole purpose of manufacturing venue when it should not have existed, that alone should be enough. I believe permitting transfer in cases of frivolousness would be a modest limitation on a plaintiff's choice of venue while respecting the deference which must be accorded to a plaintiff's choice of venue. In my view, the doctrine of *forum non conveniens* can be flexible enough to act as "a necessary counterbalance to [e]nsure . . . fairness and practicality," where a plaintiff generally has no obligation to justify the bases for his preferred venue. **See Bratic v. Rubendall**, 99 A.3d 1, 6 (Pa. 2014) (citation omitted).

In any event, it will be for a fact-finding court, upon a properly developed record and along with any additional evidence adduced by Artis and Coker, to determine whether the inclusion of Coker had any factual or legal basis, and whether Weiner's repeated attempts to hale Artis into Philadelphia would constitute a design to harass. **See Wilson**, 963 A.2d at 484 (noting a trial court has considerable discretion when considering whether the forum was designed to harass the defendant). I add that Weiner's desire to litigate in his home forum would not necessarily be a relevant factor. **See id**. at 487 (noting that the *forum non conveniens* standard already affords great weight and deference to the plaintiff's initial choice of forum and a court need not expressly weigh the relative convenience of the chosen forum to the parties).