Michelle ZAPPALA, Appellant

v.

The JAMES LEWIS GROUP t/a Brandolini Companies, James Lewis Corporation, Progress Bank, The Pep Boys–Manny, Moe & Jack t/a Pep Boys, Appellees.

Michelle Zappala, Appellant

v.

Brandolini Property Management, Inc., Paoli Shopping Center Limited Partnership, Paoli Shopping Center Limited Partnership Phase II, United Builders & Constructors, Ltd., Kortan General Maintenance, Inc., The James Lewis Group t/a Brandolini Companies, James Lewis Corporation, Progress Bank, The Pep Boys–Manny, Moe & Jack t/a Brubacher Excavating, Inc., Green Design, Inc., Carroll Contractors, Inc., Pickering Valley Landscape, Inc., Bala Electric, Heyser Landscaping, Inc., Paoli Shopping Center Limited Partnership II, Appellees.

Superior Court of Pennsylvania.

Submitted Aug. 11, 2009.
Filed Sept. 11, 2009.

Joseph R. Viola and Joseph L. Messa, Jr., Philadelphia, for appellant.

Daniel D. Krebbs, for Progress Bank.

Michael K. Willison, Philadelphia, for Green Design, Inc.

Thomas P. Bracaglia, Philadelphia, for Heyser Landscaping.

Jonathan D. Herbst, Philadelphia, for Carroll Contractors.

J. Michael Flanagan, Lancaster, for Brubacher Excavating.

Edward J. Tuite, Philadelphia, for Pickering Valley.

Thomas A. Kuzmick, Philadelphia, for Paoli Shopping Center.

BEFORE: PANELLA, DONOHUE and COLVILLE *, JJ.

OPINION BY DONOHUE, J.:

¶ 1 Appellant Michelle Zappala ("Zappala") appeals from the trial court's order entered October 2, 2007 granting Appellees'[1] motion pursuant to Pa.R.C.P.

---

* Retired Senior Judge assigned to the Superior Court.

1. Appellees, who will be referred to herein as the "Chester County Defendants", are as

follows: Brandolini Property Management, Inc., Paoli Shopping Center Limited Partnership, Paoli Shopping Center Limited Partnership II, Paoli Shopping Center Limited

1006(d)(1) to transfer this civil case from Philadelphia County to Chester County based upon *forum non conveniens.* As we discuss in detail, the case before us was remanded to the trial court by our Supreme Court and the *forum non conveniens* motion at issue is the Chester County Defendants' second attempt to have this case transferred from Philadelphia to Chester County. On remand, Zappala, the Chester County Defendants, and the trial court each interpreted differently the teaching of our Supreme Court's opinion in *Zappala v. Brandolini Property Management, Inc.,* 589 Pa. 516, 909 A.2d 1272 (2006) ("*Zappala* I"). While we are in general agreement with the analysis employed by the learned trial judge, The Honorable Arnold L. New, we reverse because of a lack of an evidentiary record to support the trial court's findings.

¶ 2 The facts and protracted procedural history of this case have been aptly summarized by our Supreme Court:

On October 26, 1998, the day of [Zappala's] accident, PECO Energy was relocating utility poles for the Chester County Defendants, who were developing the Paoli Shopping Center. PECO had contracted with Riggs Distler, a company that furnishes flag-persons for construction sites, to control passing traffic while PECO worked. [Zappala] was one such flag-person. Arriving at the site that morning, [Zappala] parked her car near the work site and adjacent to a Progress Bank branch in a parking

lot belonging to The Pep Boys. As she walked across the construction site to confer with employees of PECO, [Zappala] tripped and fell on two holes on the Paoli Shopping Center construction site that were covered with leaves. She sustained injuries to her ankle and back, which resulted in four separate ankle operations, including reconstructive surgery.

[Zappala], who resides in Delaware County, filed a complaint in Philadelphia County on August 7, 2000 ... nam[ing] as defendants two of the Chester County Defendants and two of the Philadelphia County Defendants. [Zappala] averred that each defendant conducted substantial and continuing business in Philadelphia. Brandolini Property Management, Inc., one of the Chester County Defendants, filed preliminary objections on September 1, 2000, asserting various minor violations of the rules governing pleading, but did not challenge venue. After learning of additional defendants, [Zappala] filed a second complaint in October of 2000, claiming the same harm as in the first complaint and naming additional Chester County Defendants and Philadelphia County Defendants, among others. The complaint alleged that all defendants conducted substantial and continuing business in Philadelphia at all material times. The complaint further alleged that all defendants were involved in the ownership, possession, control, inspection, maintenance, or repair of the accident site, and that each

Partnership Phase II, United Builders & Constructors, Ltd., The James Lewis Group, t/a Brandolini Companies, and James Lewis Corporation.

A second group of defendants, dismissed by the trial court, will be collectively referred to herein as the "Philadelphia County Defendants." They include Green Design, Inc., Heyser Landscaping, Inc., Progress Bank, and The Pep Boys.

Several other defendants, from counties other than Chester and Philadelphia, were initially included in the suit but later dismissed when Zappala did not oppose their motions for summary judgment. Because neither their inclusion in the case initially nor their subsequent dismissal are relevant to the issues discussed herein, it is not necessary to identify them.

breached its duty to [Zappala], a business invitee, *inter alia* by allowing, causing, or failing to correct a dangerous and defective condition on the property. The Chester County Defendants filed an answer asserting, *inter alia*, that they did not conduct any business in Philadelphia.

After the trial court consolidated the two actions, the case proceeded through discovery until all of the defendants except the Chester County Defendants filed motions for summary judgment, asserting that discovery established that they did not have an ownership interest or responsibility in the land where the accident occurred, and therefore breached no duty to [Zappala]. [Zappala] did not oppose these motions. This resulted in dismissal of all of the defendants except the Chester County Defendants.

Following dismissal of all other defendants, the Chester County Defendants filed a pre-trial motion entitled 'motion to transfer venue' requesting that venue be transferred to Chester County pursuant to Pa.R.C.P. 1006(e), arguing that [Zappala] improperly brought this case in Philadelphia County. Specifically, the Chester County Defendants argued that because [Zappala] resided in Delaware County, the accident occurred in Chester County, and all remaining defendants are situated in Chester County, venue in Philadelphia County was improper. The Chester County Defendants asserted that during the course of the litigation, [Zappala] failed to provide any facts to support her contention that the Philadelphia County Defendants were potentially liable for her injuries; when faced with interrogatories, admitted that she had no information to support her claims against the Philadelphia County Defendants; and therefore never should have named the Philadelphia County Defendants. The Chester County Defendants contended that venue in Philadelphia County had never been proper because they were the only defendants against whom [Zappala] had an arguable claim, and, in contrast to the Philadelphia County Defendants, they were located in Chester County and did not conduct business in Philadelphia County.

[Zappala] opposed the motion, arguing that it was barred by the explicit language of Rule 1006(e), which provides: 'Improper venue shall be raised by preliminary objection and if not so raised shall be waived.' Because the Chester County Defendants did not challenge venue as improper by preliminary objection, [Zappala] argued that they waived the challenge pursuant to the plain language of Rule 1006(e).

Upon consideration of the parties' arguments, the trial court transferred the action to Chester County. In its opinion, the trial court ruled that a preliminary objection asserting improper venue must be raised at the first reasonable opportunity, which, in this case, was after the Philadelphia County Defendants had been dismissed from the case. . . .

\* \* \*

The Superior Court [reversed], finding that Rule 1006(e) provides the exclusive method for raising improper venue, and pursuant to the mandatory language of the rule, improper venue must be raised by preliminary objection or be waived. [ . . . ] Thus, the Superior Court vacated the trial court order, returning the case to Philadelphia County. *Zappala v. Brandolini Prop. Mgmt., Inc.,* 849 A.2d 1211 (Pa.Super.2004).

*Zappala I,* 589 Pa. at 522–526, 909 A.2d at 1275–1277 (2006) (footnotes omitted).

¶ 3 Our Supreme Court granted the Chester County Defendants' petition for allowance of appeal and affirmed this Court's decision, agreeing that a challenge to the propriety of venue must be instituted by preliminary objection or it is waived. *Id.* at 532, 909 A.2d at 1281 (citing Pa. R.C.P. 1006(e) ("Improper venue shall be raised by preliminary objection and if not so raised shall be waived.")). In so ruling, however, the Supreme Court acknowledged that Pa.R.C.P. 1006 provides three distinct bases for challenging a plaintiff's chosen forum: improper venue by preliminary objection, *forum non conveniens* (Pa. R.C.P. 1006(d)(1)[2]), and inability to hold a fair and impartial trial (Pa.R.C.P. 1006(d)(2)[3]). *Id.* Although the Chester County Defendants waived the first alternative by not filing preliminary objections challenging venue, the Supreme Court noted that the second and third alternatives may be considered by a trial court at any time during the proceedings. *Id.* at 535, 909 A.2d at 1283–84. As a result, the Supreme Court concluded that the Chester County Defendants were not without a remedy here:

> When venue is technically proper and cannot be challenged by preliminary objection, such as the case here where [Zappala] included defendants from the chosen forum, the rules provide a mechanism in subsection (d) [of Rule 1006] if defendants desire a change of venue to another county under *forum non conveniens* to effectuate substantial justice or

because of the trial court's inability to hold a fair and impartial trial.

*Id.* at 537, 909 A.2d at 1284. For this reason, the Supreme Court remanded the case to the trial court to permit the Chester County Defendants "to seek the same result through assertion of *forum non conveniens* or the inability to secure a fair trial in Philadelphia County." *Id.* at 523, 909 A.2d at 1275–76.

¶ 4 On July 10, 2007, approximately seven months after remand,[4] the Chester County Defendants filed a Motion to Transfer Venue Pursuant to Pa.R.C.P. 1006(d)(1) (the "Motion") based upon *forum non conveniens*. On September 6, 2007, the trial court held an evidentiary hearing (at which the only evidence offered by the Chester County Defendants was an affidavit attesting to the inconvenience of Philadelphia County as a forum for witnesses) and received oral argument on the Motion. By order entered October 2, 2007, Judge New granted the Motion and transferred the case to the Court of Common Pleas of Chester County. *Id.,* at 3–4. In his subsequent written opinion, Judge New found that this is "one of the rare cases where a plaintiff's choice of forum should be disturbed to effectuate substantial justice":

> [Zappala] established venue in her chosen forum by bringing suit against defendants whose connection to the case was tenuous at best. This overbroad naming of defendants, whether intentional or not, precluded any preliminary

---

**2.** Pennsylvania Rule of Civil Procedure 1006(d)(1) provides:

> For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

**3.** Pennsylvania Rule of Civil Procedure 1006(d)(2) provides:

> Where, upon petition and hearing thereon, the court finds that a fair and impartial trial cannot be held in the county for reasons stated of record, the court may order that the action be transferred. . . .

**4.** In the interim, the Chester County Defendants filed an unsuccessful summary judgment motion. Trial Court Opinion, 1/16/08, at 3.

objections to venue. Then, after no evidence was adduced as to those defendants with connection to the chosen forum, they were dismissed from the case without opposition leaving the case to proceed solely against defendants with no connection thereto at extra expense and trouble, for an accident that occurred in Chester County where they have places of business and regularly conduct business, and a place [Zappala] clearly could have brought the action.

Trial Court Opinion, 1/16/08, at 9, 10. Judge New thus concluded that Zappala's decision to file suit in Philadelphia County "was designed to harass the Chester County Defendants and a vexatious form of forum shopping" justifying a transfer based upon *forum non conveniens. Id.*

■ ¶ 5 This timely appeal followed, in which Zappala raises three issues for our consideration:

1. Whether the trial court was barred by the Supreme Court's prior published decision and the 'Law of the Case' doctrine from granting a transfer of venue on the basis of the 'sham defendants' theory rejected by this Court and the Supreme Court but impermissibly resurrected in the [Chester County Defendants'] belated oral 'amendment' to their motion to transfer venue?

2. Whether, even if the trial court had been free to consider the 'sham defendants' theory notwithstanding the Supreme Court's prior published decision and the 'Law of the Case' doctrine, the [Chester County Defendants'] unsupported allegations of 'forum shopping' some seven years earlier using the ploy of 'sham de-

fendants' were a permissible substitute for evidence that the venue in which the case had been pending all seven of those years was palpably oppressive or vexatious to the [Chester County Defendants]?

3. Whether the [Chester County Defendants] should be estopped from maintaining that venue in Philadelphia County in this case was oppressive and vexatious in view of the repeated published admissions made by their own attorneys that such a theory was untenable and even false? [5]

Appellant's Brief at 5.

■ ¶ 6 Our standard of review regarding transfer of venue is well-settled: a trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. *Zappala I,* 589 Pa. at 536, 909 A.2d at 1284; *Wood v. E.I. du Pont,* 829 A.2d 707, 709 (Pa.Super.2003). An abuse of discretion occurs when the trial judge overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias, or ill-will. *Zappala I,* 589 Pa. at 536, 909 A.2d at 1284 (citing *In re Women's Homeopathic Hosp. of Phila.,* 393 Pa. 313, 142 A.2d 292, 294 (1958)). Additionally, "[A] plaintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper.... However, a plaintiff's choice of venue is not absolute or unassailable." *Jackson v. Laidlaw Transit, Inc. & Laidlaw Transit PA, Inc.,* 822 A.2d 56, 57 (Pa.Super.2003). If there exists "any proper basis for the trial court's decision [to grant a petition] to transfer venue, the decision must stand."

---

**5.** Given our disposition of this matter, this issue is moot. We note also that the issue is merit less since out of court statements by counsel made without appropriate authoriza-

tion of the client are not binding on the client. *Eldridge v. Melcher,* 226 Pa.Super. 381, 313 A.2d 750, 755 (1973).

*Zappala I,* 589 Pa. at 536, 909 A.2d at 1284 (quoting *In re Mackarus' Estate,* 431 Pa. 585, 246 A.2d 661, 666–67 (1968)).

¶ 7 We will address the first two issues raised on appeal by Zappala together, as they both present the same basic question: whether a *forum non conveniens* motion for transfer of venue must be based upon evidence relating to the inconvenience of the plaintiff's chosen forum, or may instead be based upon evidence that the plaintiff engaged in improper forum shopping.[6] Resolution of this issue requires a careful review of our Supreme Court's decision in *Zappala I.*

¶ 8 Zappala contends that the Supreme Court in *Zappala I* did not alter the evidentiary standards for a motion for transfer of venue *forum non conveniens* as previously announced in *Cheeseman v. Lethal Exterminator Inc.,* 549 Pa. 200, 701 A.2d 156 (1997). In *Cheeseman,* our Supreme Court described the burden of proof for a moving party as follows:

[T]he defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

*Id.* at 213, 701 A.2d at 162; *see also Zappala I,* 589 Pa. at 535, 909 A.2d at 1283.

¶ 9 Zappala contends that the Chester County Defendants did not prove that Philadelphia County was either oppressive or vexatious to them. Philadelphia County

---

**6.** In her first issue on appeal, Zappala argues that in *Zappala I* our Supreme Court found that the Chester County Defendants' claim that Zappala joined "sham defendants" was waived by failing to raise the issue by preliminary objections. Appellant's Brief at 33–34. Thus, she argues that the "sham defendants" argument "had already been considered and rejected by the Supreme Court as of 2006 (as it was by the Superior Court in 2004) and could not be properly raised on remand under the 'law of the case' doctrine." *Id.* at 35. We find this claim to be without merit.

The law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Commonwealth v. Starr,* 541 Pa. 564, 574, 664 A.2d 1326, 1331 (1995). This doctrine applies when a case has been remanded and mandates that the trial court may not alter a legal question decided by an appellate court in the matter. *Id.*

In this case, our Supreme Court did not rule on any substantive issues in *Zappala I.* Instead, the Supreme Court's ruling was limited to deciding the proper procedural mechanism to challenge improper venue, ruling definitively that improper venue can only be raised at the preliminary objection stage of the proceeding pursuant to Pa.R.C.P. 1006(e). *Zappala I,* 589 Pa. at 533, 909 A.2d at 1283–84. Rather than precluding the Chester County Defendants from employing other procedural devices to accomplish transfer of the case, the Court affirmatively indicated that they could "seek the same result through assertion of *forum non conveniens* or the inability to secure a fair and impartial trial in Philadelphia County" by other procedural means. *Id.,* 589 Pa. at 523, 909 A.2d at 1276; *see also id.* at n. 14 ("we remand this case to provide these defendants with such opportunity"). Thus, Zappala's "law of the case" argument fails. However, Zappala's substantive argument that allegations of improper forum shopping can not, alone, satisfy the requirements of a 1006(d)(1) petition is addressed *infra.*

is not oppressive to them because traveling from Chester County to neighboring Philadelphia County necessitates only a short drive. *See, e.g., Raymond v. Park Terrace Apartments, Inc.,* 882 A.2d 518, 521 (Pa.Super.2005) ("traveling from Delaware, Bucks, Montgomery or Chester County to Philadelphia is not particularly onerous"). *See also* Trial Court Opinion, 1/16/08, at 27. Moreover, Zappala contends that the Supreme Court in *Cheeseman* made clear that a finding of vexatiousness requires a showing that the forum selected is itself somehow harassing to the defendant, and thus the defendant must demonstrate that the forum is vexatious to its interests. Appellant's Brief at 43. In this case, Zappala contends that the Chester County Defendants only objection to Philadelphia County—the fear of high jury awards in that forum—does not establish that Philadelphia County is vexatious **to them,** since if their theory regarding the liberality of Philadelphia County juries is correct then the forum is vexatious to every defendant in every Philadelphia County tort case, and every such defendant would have grounds for a transfer of venue based upon *forum non conveniens. Id.* at 39.

¶ 10 As a result, Zappala contends that Judge New's finding of vexatiousness— based upon his conclusion that Zappala manufactured venue in a forum where the case never should have been filed[7]—is "completely outside the scope of the doctrine of *forum non conveniens." Id.* at 40. Zappala argues that "[i]f there is such a thing as 'a vexatious type of forum shopping,' its only significance for *forum non conveniens* purposes is [if] it resulted in a 'vexatious forum.'" *Id.* at 43 (citation omitted). Because her alleged forum

shopping did not result in a "vexatious forum" for the Chester County Defendants, Zappala claims that no grounds for a transfer of venue exist under *Cheeseman.*

¶ 11 We disagree with Zappala. In *Zappala I,* our Supreme Court clearly indicated its distaste for certain types of forum shopping and made clear that improper forum shopping may constitute an independent grounds for granting a motion for change of venue *forum non conveniens:*

> The dissent proceeds to declare that this Opinion approves of forum shopping, allows a plaintiff to choose an inappropriate venue, and precludes anyone from doing anything about it. These averments are simply inaccurate. We disapprove of forum shopping and explain in detail that a defendant aggrieved by such a strategy has recourse through either *forum non conveniens* in accord with Rule 1006(d)(1) or through averment that absent a transfer there cannot be a fair and impartial trial. See Pa. R.C.P. 1006(d)(2). Indeed, we remand this case to provide these defendants with such an opportunity.

*Zappala I,* 589 Pa. at 540 n. 14, 909 A.2d at 1286 n. 14.

¶ 12 In this same regard, however, we are mindful that our Supreme Court has specifically instructed that a "plaintiff's choice of forum should *rarely* be disturbed by the grant of a Rule 1006(d)(1) petition." *Cheeseman,* 549 Pa. at 212, 701 A.2d at 162 (emphasis added). Pennsylvania does not forbid "forum shopping" *per se*—to the contrary, our venue rules give plaintiffs various choices of different possible venues, and plaintiffs are generally free to "shop" among those fo-

---

7. The trial court found that "Zappala established venue in her chosen forum by bringing suit against defendants whose connection to the case was tenuous at best. This overbroad naming of defendants, whether intentional or note, precluded any preliminary objections to venue." Trial Court Opinion, 1/16/08, at 9.

rums and choose the one they prefer. "[T]here may be quite appropriate reasons for a plaintiff to seek a certain forum—for example, a forum might, as here, be closer to the office of plaintiff's attorney, or closer to a transportation center." *Walls v. The Phoenix Insurance Co.*, 979 A.2d 847, 852 n. 5 (Pa.Super.2009). As a result, "the mere invocation of that phrase ["forum shopping"] does not trigger such a talismanic effect as to cause an abrupt termination of the inquiry." *Id.*

¶ 13 Accordingly, in stating that it "disapprove[s] of forum shopping," the Supreme Court in *Zappala I* did not intend to negate a plaintiff's ordinary right to select the forum best suited to his/her needs. Instead, the Supreme Court noted its disapproval of *improper* forum shopping. Based upon our review and interpretation of *Zappala I,* improper forum shopping occurs when a plaintiff manufactures venue by naming and serving parties who are not proper defendants to the action for the purpose of manipulating the venue rules to create venue where it does not properly exist. When this occurs, the trial court may interfere with the plaintiff's choice of forum on *forum non conveniens* grounds.

¶ 14 As a result, we read *Zappala I,* in light of *Cheeseman,* to require that when, as here, the defendants that provided the basis for plaintiff's choice of forum are subsequently dismissed from the case, the remaining defendants who seek transfer pursuant to Pa.R.C.P. 1006(d)(1) have the burden of proving that the plaintiff's inclusion of the dismissed defendants in the case was *designed* to harass the remaining defendants.

¶ 15 This burden is in keeping with the standard established by *Cheeseman:* : "[T]he defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts of record that the plaintiff's choice of forum was designed to harass the defendants, even at some inconvenience to the plaintiff himself." *Cheeseman* at 213, 701 A.2d at 162. *Zappala I* likewise held that a plaintiff whose **strategy** was to name **inappropriate** defendants for the purpose of establishing venue in a chosen forum are open to a challenge to the forum pursuant to 1006(d)(1): ... We disapprove of [improper] forum shopping and explain in detail that a defendant aggrieved by such **strategy** has recourse through ... *forum non conveniens* in accord with Rule 1006(d)(1).... *Zappala I,* 589 Pa. at 540 n. 14, 909 A.2d at 1286 n. 14 (emphasis added).

¶ 16 *Zappala I* holds that dismissal of the forum-establishing defendants from the lawsuit triggers a potential Pa.R.C.P. 1006(d)(1) challenge and transfer, and that defending a lawsuit in a forum where the remaining defendants do not conduct business or otherwise avail themselves of the benefits of the forum is an indicia of the harassment required to sustain a 1006(d)(1) challenge. Again, in a footnote and in response to the *Zappala I* dissenters, the majority stated:

> "Any resolution of a subsection (d) petition lies with the trial court's discretion, which, as noted, would necessarily involve balancing the inconvenience or fairness of maintaining the case in plaintiff's chosen forum, *particularly in light of the fact that the Chester County Defendants do not have any connection thereto,* against the fact that significant litigation in the chosen forum has already occurred."

*Id.* at 539, n. 11, 909 A.2d at 1285 n. 11 (emphasis added).

¶ 17 Applying these principles to the case before us, it is undisputed that the Philadelphia County Defendants pro-

vided the basis for venue and were dismissed from the case on unopposed summary judgment motions. Further, it is not disputed that the remaining defendants, the Chester County Defendants, do not do business in Philadelphia County. N.T., 9/6/07, at 35.[8]

¶ 18 On the issue of plaintiff's design or strategy, the trial court concluded that Zappala engaged in improper forum shopping designed to harass the Chester County Defendants, *i.e.*, "the Philadelphia County Defendants were sued to get venue in Philadelphia before a Philadelphia jury." Trial Court Opinion, 1/16/08, at 9 and 9 n. 5. In support of this finding, the trial court recited as follows:

> The accident occurred in Chester County where all of the remaining defendants are located. The claims against the Philadelphia County Defendants were **tenuous at best** when this case was originally filed. Following discovery, the Philadelphia County Defendants motions for summary judgment went unopposed, while the Chester County Defendants motions for summary judgment were vigorously opposed, (*see* Pl.'s Mot. To Vacate ¶ 18) (referencing Defendants' first motion), and accused of being frivolous, (*see* Pl.'s Resp. ¶¶ 43–45) (referencing Defendants' second motion). Philadelphia would not have been a proper venue if this case would have originally been filed against only the Chester County Defendants, and now it proceeds solely against these defendants. For the above reasons, this court finds Plaintiff's forum shopping in this case was vexatious
>
> . . .

Trial Court Opinion, 1/16/08, at 9 (footnote omitted and emphasis added).

¶ 19 At another point in the trial court's opinion, referencing the "tenuous at best" nature of Zappala's claims against the Philadelphia County Defendants, the trial court noted:

> Here, the accident occurred in Chester County on the Paoli Shopping Center construction site which the Chester County Defendants were developing. While Plaintiff asserted prior to oral argument in her memorandum that she had never been accused of filing in Philadelphia County to "vex" the Chester County Defendants, (Pl.'s Mem. 19), these defendants had maintained they did not conduct any business in Philadelphia and were the only defendants against whom Plaintiff had an arguable claim. This court agrees and finds Plaintiff's claims against the Philadelphia County Defendants were tenuous at best when this action was brought. The claim against all of the defendants was essentially that they had an ownership interest or responsibility in the land where the accident occurred and breached a duty to Plaintiff as a business invitee causing her injuries. Nothing on the record, beyond Plaintiff's bald assertions in her complaint, supports this claim against any of the other defendants.[2]

_____

[2] As to the other defendants, particularly in light of Pa.R.C.P. 4001(c), no basis has been shown for making this claim in the complaints. Plaintiff has even stated that the reason it was necessary to join all of the defendants was the "uncertainty as to the question of ownership, possession and/or control of the premises on which the injury occurred" and that only after discovery did it become evident that only the Chester County Defendants were potentially liable. (Pl.'s

_____

8. The trial court also found that the Philadelphia County Court of Common Pleas had not expended sufficient resources on this case to

weigh against the finding in favor of transfer to Chester County. Trial Court Opinion, 1/16/08, at 6 n. 1.

Mem. of Law in Support of Mot. To Vacate, Nov. 26, 2002, 1.)

Trial Court Opinion, 1/16/08, at 7.

¶ 20 Zappala contends that the Chester County Defendants never raised the issue of improper forum shopping in their *forum non conveniens* petition, never argued the point in their supporting memorandum, and offered no evidence in support of the argument at the evidentiary hearing. Appellant's Brief at 40. As a result, Zappala argues she was:

> "deprived ... of any meaningful opportunity to explain to the trial court the basis for naming those defendants; the information available prior to the filing of the complaints about the responsibilities and activities of those defendants with respect to the accident site; the information obtained concerning those defendants during discovery; whether any of those defendants had sought dismissal from the case by stipulation; what contractual arrangements the Brandolini [Chester County] defendants may have had with those defendants; or the ground on which summary judgment was ultimately sought by each defendant. While Judge New states in his opinion that "the record supports the Chester County Defendants['] averment that the Philadelphia County Defendants were sued in order to get venue in Philadelphia before a Philadelphia jury[,]" the moving papers contain no such averment. See R–417a–424a. It was not until oral argument that counsel for the Brandolini [Chester County] Defendants made that allegation."

*Id.* at 40–41 (footnote omitted).

¶ 21 Upon review of the Chester County Defendants' Motion, the Memorandum of Law in Support of the Motion (the "Memorandum"), and the transcript of the 9/6/07 hearing on the Motion, we agree with Zappala. There was no allegation in the Mo-

tion to alert Zappala that the Chester County Defendants intended to proceed on the theory that Zappala engaged in improper forum shopping, thereby harassing them. Indeed, the Motion contains the "conventional" *Cheeseman forum non conveniens* allegations and affidavits: none of the fact witnesses, none of defendants' experts, none of plaintiff's experts or treating physicians are located in Philadelphia County, coupled with allegations that the Chester County Defendants are the only remaining defendants in the case, all others having been dismissed via motions for summary judgment. There is no allegation in the Motion that Zappala sued the Philadelphia County Defendants for the purpose of establishing venue in Philadelphia County.

¶ 22 The Memorandum mirrors the Motion. In fact, the Memorandum does not cite to *Zappala I* for its discussions of improper forum shopping. *Zappala I* is cited solely for the proposition that a Pa. R.C.P. 1006(d)(1) was the appropriate procedural mechanism under the circumstances. Memorandum in Support at 3. The substantive argument in the memorandum was based on *Mateu v. Stout,* 819 A.2d 563 (Pa.Super.2003), a *forum non conveniens* case concerning the availability and convenience of the parties and the witnesses where the inconvenience factors were unopposed. Memorandum in Support at 3.

¶ 23 At oral argument on the Motion, the Chester County Defendants argued for the first time that the plaintiffs sued the Philadelphia County Defendants to get venue in Philadelphia County where the claim allegedly had a higher value: "They filed in Philadelphia County because they understand that regardless of what statistics may say, they understand that Philadelphia County jurors are much more liberal in their approach to plain-

tiff's claims for personal injuries." N.T., 9/6/07, at 12. No evidence was offered to establish this alleged reason for filing in Philadelphia County or that it is a more favorable forum than Chester County. No evidence was offered of either the statistics referenced by the Chester County Defendants or in support of the proposition that those statistics should be ignored. No evidence was offered to establish the lack of relationship of the Philadelphia County Defendants to plaintiff's claims, *e.g.* lack of proximity to the accident site or lack of involvement in the construction site surrounding it. Indeed, the only evidence offered was an affidavit of an officer of one of the Chester County Defendants attesting to the inconvenience of the Philadelphia forum to himself and other employees of the Chester County Defendants.

¶ 24 It is noteworthy that the trial court found that "Nothing in the record, beyond plaintiff's bald assertions in her complaint, supports this claim [of ownership or control of the property upon which Zappala fell] against any of the other defendants." Trial Court Opinion, 1/16/08, at 7. Given the averments in the Motion and the total absence of evidence of improper forum shopping offered by the Chester County Defendants (who had the burden of proof at the evidentiary hearing on the Motion), Zappala had no obligation to come forward with any evidence.

¶ 25 The mere fact that the Philadelphia County Defendants were dismissed by unopposed summary judgment motions does not establish that Zappala engaged in improper forum shopping. If dismissal by stipulation or unopposed summary judgment motions of the forum establishing defendants was the sole requirement for establishing improper forum shopping, the *Cheeseman* requirement of proof that the plaintiff chose a forum "designed to harass" the defendant would be obliterated. *Zappala I* did not overrule *Cheeseman.* Indeed, it is cited by the *Zappala I* court as the authoritative standard for the burden of proof in *forum non conveniens* proceedings. *Zappala I,* 589 Pa. at 534–35, 909 A.2d at 1283. Although the *Zappala I* dissenters would have allowed transfer pursuant to Pa.R.C.P. 1006(e) within twenty (20) days of the dismissal of the forum-establishing defendants (for any reason other than settlement), *id.* at 542 n. 1, 909 A.2d at 1287 n. 1, the *Zappala I* majority rejected this approach. The *Zappala I* majority instead opted for allowing the remaining defendants to proceed under Pa.R.C.P. 1006(d) by filing a *forum non conveniens* motion and meeting the evidentiary burden established in *Cheeseman.*

¶ 26 As the learned trial court recognized, the determination of whether or not a plaintiff had a strategy designed to harass a defendant is fact specific. The grounds upon which the summary judgments were granted, the Philadelphia County Defendants' connection with and proximity to the accident scene, and what information was available to Zappala prior to filing suit, are, among other factors, relevant to such a determination. For illustrative purposes at the oral argument on the Motion to Transfer, the trial court, in rejecting the notion that oppressiveness based upon inconvenience factors was the only relevant consideration in this transfer question, hypothesized:

> In this case am I leaving the door open for every unscrupulous plaintiff's counsel—and by no means am I saying that about you. But just some plaintiff's counsel deciding that they're going to sue McDonald's in every single case, no matter what it is, just to pass the preliminary objection stage, and then releasing McDonald's because, of course, they have no value and no connection

whatsoever to the case itself, just to establish the venue. And then say, well, sorry, *forum non conveniens*. It's pretty hard to be oppressive and vexatious from Chester County, from 18 miles from Bucks County, Doylestown; whatever the distances are.

Trial Court Opinion, 1/16/08, at 27.

¶ 27 At the other extreme of the "McDonald's hypothetical" and again recognizing the fact intensive nature of a determination of improper forum shopping, in its opinion the trial court noted that even if there was support for Zappala's claims against the Philadelphia County Defendants, consideration of whether or not there was improper forum shopping would still be appropriate. Trial Court Opinion, 1/16/08, at 9 n. 4. Given the total lack of an evidentiary record in this case (as required by *Cheeseman*), we are unable to review, let alone affirm, the trial court's finding that Zappala engaged in improper forum shopping by her inclusion of the Philadelphia County Defendants in her lawsuit. Accordingly, we reverse the order of the trial court transferring the case to Chester County.

¶ 28 Order reversed. Motion denied.[9] Jurisdiction relinquished.

9. The Chester County Defendants filed a motion to strike scandalous and/or impertinent material from the record, asserting that certain of Zappala's designations for the reproduced record contained materials designed to interject racial issues into the case (*i.e.,* as a factor driving the Chester County Defendants' attempts to transfer the case to Chester County). Because Zappala deleted the specified designations by amendment and did not raise any issues of race in her brief on appeal, however, we find the issues raised in the motion to strike to be moot. It is therefore denied.